UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

HEXIN HOLDING LIMITED,

                Plaintiff,

    v.

THE INDIVIDUALS, BUSINESS ENTITIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

                Defendants.

Case No.: 24-cv-1460

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

    Plaintiff, Hexin Holding Limited ("Plaintiff" or "Hexin"), hereby sues Defendants, the Individuals, Business Entities, Partnerships and Unincorporated Associations identified on Schedule "A" (collectively "Defendants") for copyright infringement and patent infringement. Defendants are promoting, selling, offering for sale, and distributing goods bearing Plaintiff's exclusive copyrighted works and patented ornamental designs without authorization or license within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identities identified on Schedule "A".

    This action has been filed by Plaintiff to combat e-commerce store operators who copy and trade upon Plaintiff's reputation and goodwill by directly copying and/or using derivative and/or using compilation works of the unauthorized photos, videos and unlicensed patented designs of Plaintiff. Defendants attempt to circumvent and mitigate liability by operating under one or more Seller Aliases to conceal their identities and the full scope and interworking of their infringing

activities. Plaintiff is forced to file this action to protect unknowing consumers from purchasing products over the Internet that are mistakenly believed to emanate from Plaintiff. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable copyrighted photographs, videos and patented ornamental designs as a result of Defendants' actions and seeks injunctive and monetary relief. In support of its claims, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal copyright and patent infringement pursuant to 17 U.S.C. §§ 501, 502, 504, 505, 35 U.S.C. §§ 281, 283, 284, 285, and 289. Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C §§ 1131 and 1338.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through, at least, the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their seller IDs. Alternatively, Defendants are subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2), because (i) Defendants are not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling, and/or shipping infringing products into this district.

///

///

## THE PLAINTIFF

4. Plaintiff, Hexin Holding Limited d/b/a Shapellx, is a corporation organized under the laws of Hong Kong with a principal place of business located at Flat/Rm A30, 9/F Silvercorp International Tower 707-713, Nathan Road, Mongkok, Hong Kong.

5. Hexin is a prominent designer of shapewear for women and distributed its shapewear through the U.S. and the world and built direct-to-consumer global brands (the "Hexin Products"). Plaintiff has over 400 employees working around the world. Hexin is one of the fastest-growing shapewear direct-to-consumer brands in the United States. Hexin offers styles that make women look and feel confident and aims to build movements around confidence, body positivity messages and women empowerment and changed the shapewear industry. Hexin is consistently ranked as top seller on online e-commerce platforms.

6. Hexin Products are known for their distinctive patented design and copyrighted works. The design and copyrighted works are broadly recognized by consumers. Hexin uses the design and copyrights in connection with its Hexin Products.

7. Some of Hexin's copyrighted works include the following photographs registered with the United States Copyright Office under Registration Number VA 2-274-861. A true and correct copy of the registrations is attached as **Exhibit 1**.

   



Hexin's other copyrights that are subject to this action include three videos with United States Copyright Registration Numbers PA 2-319-830; PA 2-319-829; PA 2-323-424 (**Exhibit 1**) (collectively, "Hexin Copyrighted Works").

8. Hexin is also the lawful assignee of all right, title and interests in and to the United States Design Patent No. D981,078 (the "Hexin Patented Design"). The Patent was lawfully issued on March 21, 2023 with named inventor Zhennan Xu. Attached as **Exhibit 2** is a true and correct copy of the Patent.

9. Hexin takes protecting its investment in intellectual property seriously and has expended a significant amount of time, millions of dollars in marketing and advertising and promoting its shapeware products and has copyrighted and patented over 126 different works/names related to their shapeware business.

10. Hexin's copyrights with registration numbers VA 2-274-861, PA 2-319-830 and PA 2-319-829; PA 2-323-424, and Hexin's patent with No. D981,078 are *prima facie* evidence of validity and are subsisting, and in full force and effect.

11. Among the exclusive rights granted to Plaintiff under the United States Copyright Act and United States Code, Title 35 are the exclusive rights to reproduce, prepare derivative works, compilations, distribute copies thereof, and display Hexin Copyrighted Works to the public, as well as to make and use Hexin Patented Design.

///

## THE DEFENDANTS

12. On information and belief, Defendants are individuals and business entities of unknown makeup who own and operate one or more of the e-commerce stores under at least the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Plaintiff.

13. On information and belief, Defendants regularly conduct, transact and/or solicit business, and/or derive substantial revenue from their business transactions in the U.S. including this district. Defendants were and/or are systematically directing and/or targeting their business activities at consumers in the U.S., including Illinois, through accounts with online marketplace platforms as well as any and all as yet undiscovered user accounts, through which consumers in the United States can view Defendants' Merchant Storefronts that each Defendant operates, uses to communicate with Defendants regarding their listings for and to place orders for, receive invoices for and purchase infringing products for delivery in the U.S., including this district, as a means for establishing regular business with the U.S., including Illinois.

14. On information and belief, Defendants are sophisticated sellers, each operating one or more commercial businesses through their respective user accounts, using their merchant storefronts to manufacture, import, export, advertise, market, promote, distribute, offer for sale and/or otherwise deal in products, including the infringing products at below-market prices to consumers in this district.

15. Upon information and belief, all Defendants accept payment in U.S. Dollars and offer shipping to the U.S., including to Illinois.

16. Upon information and belief, Defendants are aware of Hexin Products, and are aware that their illegal infringing actions alleged herein are likely to cause injury to Plaintiff.

17. On information and belief, Defendants reside and/or operate in the Peoples Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems.

All Defendants advertise and sell body contouring products using Hexin Copyrighted Works and/or Patented Design. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b)(1).

18. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics are used by Defendants to conceal their identities and the full scope of their operation to make it virtually impossible for Plaintiff to learn Defendants' true identities and their exact interworking of their network. If Defendants provide additional credible information regarding their identities, Plaintiff will take the appropriate steps to amend the Complaint.

## DEFENDANTS' INFRINGING CONDUCT

19. The success of Hexin products has resulted in significant theft of Hexin Copyrighted Works and Patented Design. Defendants advertise their shapeware using direct copies, derivative copies, and/or collections of Plaintiff's protected and copyrighted photos and videos as well as patented invention to mislead the public that Defendants' products emanate from the Plaintiff. Plaintiff regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. Recently, Plaintiff has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were/are offering for sale and/or are selling products using Hexin Copyrighted Works and/or Patented Design to consumers throughout the United States. E-commerce sales, including through e-commerce stores like those of the Defendants, have resulted in a sharp increase in sales for those stores unlawfully using Plaintiff' copyrighted photos, videos and patented designs in the United States. Excerpts from Fiscal Year 2018 U.S. Customs and Border Protection ("CBP") Intellectual Property Seizure Report. Over 90% of all CBP intellectual property seizures were from smaller international mail and express shipments (as opposed to large shipping containers). **Exhibit 3**. Over 85% of CBP seizures originated from

mainland China and Hong Kong. *Id.* Using stolen intellectual property accounts for billions in economic losses, resulting in tens of thousands of lost jobs for legitimate businesses and broader economic losses, including lost tax revenue.

20. Third-party service providers, such as, for example, Amazon, ebay, PayPal, etc., like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities allowing those misappropriating lawful intellectual property to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." **Exhibit 5**, Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 Nw. J. INT'L L. & Bus. 157, 186 (2020); *see also* report on "Combating Trafficking in Counterfeit and Pirated Goods" prepared by the U. S. Department of Homeland Security's Office of Strategy, Policy, and Plans, attached as **Exhibit 4**, and finding that on "at least some e-commerce platforms, little identifying information is necessary for counterfeiters to begin selling" and recommending that "[s]ignificant enhanced vetting of third-party sellers" is necessary. Those misappropriating intellectual property hedge against the risk of being caught and having their websites/advertisements taken down from an e-commerce platform by preemptively establishing multiple storefronts. **Exhibit 4** at p. 22. Since platforms generally do not require a seller on a third-party marketplace to identify the underlying business entity, those misappropriating intellectual property can have many different profiles that can appear unrelated even though they are commonly owned and operated. **Exhibit 4** at p.39.

21. Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal and others. E-commerce stores operating under the

Seller Aliases include content and images that are protected and that make it very difficult for consumers to distinguish such stores from an authorized retailer. Plaintiff has not licensed or authorized Defendants to use any of Hexin Copyrighted Works or Patented Design, and none of the Defendants are authorized retailers of genuine Hexin Products.

22. Many Defendants also deceive unknowing consumers by using Hexin Copyrighted Works without authorization within the content, photographs, text, and/or meta tags of their e-commerce stores in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for shapewear products. Other e-commerce stores operating under Seller Aliases attempt to cut off part of Hexin Copyrighted Works or use photoshop to change the color, which are derivative works or compilations, of certain items to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Hexin Products.

23. On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to Internet-based e-commerce platforms. On information and belief, certain Defendants have anonymously registered and maintained Seller Aliases to prevent discovery of their true identities and the scope of their e-commerce operation.

24. On information and belief, Defendants regularly register or acquire new seller aliases to sell products using Hexin Copyrighted Works and/or Patented Design. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operation, and to avoid being shut down.

25. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for

identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, illegitimate search engine optimization (SEO), advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images.

26. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms, WeChat and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

27. Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Plaintiff.

28. On information and belief, Defendants are an interrelated group of e-commerce sellers misappropriating Plaintiff's valuable intellectual property working in active concert to knowingly and willfully advertise using Hexin Copyrighted Works and/or Patented Design in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly, and willfully used and continue to use Hexin Copyrighted Works and/or Patented Design in connection with the advertisement, distribution, offering for sale, and sale of products into the United States over the Internet.

29. Defendants' infringing activities has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT OF UNITED STATES COPYRIGHT REGISTRATIONS (17 U.S.C. §§ 106 AND 501)

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31. Plaintiff is the owner of valid and enforceable Hexin Copyrighted Works, which contain certain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

32. Plaintiff has complied with the registration requirements of 17 U.S.C. § 411(a).

33. Defendants do not have any ownership interest in the Hexin Copyrighted Works. Defendants had access to Hexin Copyrighted Works via the Internet.

34. Without authorization from Plaintiff, or any right under the law, Defendants have deliberately copied, displayed, distributed, reproduced and/or made derivative works and/or compilations incorporating Hexin Copyrighted Works on e-commerce stores operating under the Seller Aliases. Defendants' derivative works are virtually identical to and/or are substantially similar to the look and feel of Hexin Copyrighted Works. Such conduct infringes and continues to infringe Hexin's copyrights in violation of 17 U.S.C. § 501(a) and 17 U.S.C. § 106. Defendants reap the benefits of the unauthorized copying and distribution of the Hexin Copyrighted Works in the form of revenue and other profits that are driven by the sale of unauthorized products.

35. Defendants have unlawfully appropriated Plaintiff's protectable expression by taking material of substance and value and creating unauthorized products that capture the total concept and feel of Hexin Copyrighted Works.

36. On information and belief, Defendants' infringement has been willful, intentional, and purposeful, and in disregard of and with indifference to Plaintiff's copyrights.

37. Defendants, by their actions, have damaged Plaintiff in an amount to be determined at trial.

38. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause, Plaintiff significant and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringement of Hexin Copyrighted Works.

## COUNT II
## Patent Infringement of United States Design Patent No. US D981,078 S

39. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

40. Plaintiff is the lawful assignee of valid and enforceable design patent No. US D981,078 S.

41. Defendants sell, offer for sale, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Hexin Patented Design.

42. Defendants have infringed Hexin Patented Design. through the aforesaid acts, and will continue to do so unless enjoined by this Court.  Defendants' wrongful conduct has caused Plaintiff to suffer irreplaceable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale and importing its patented inventions.  Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. §283.

43. Plaintiff is entitled to recover damages adequate to compensate for the infringement, including defendants' profits pursuant to 35 U.S.C. §289.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. §284.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all

persons acting for, with, by, through, under or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. reproducing, distributing copies of, making derivative works of, or publicly displaying the Hexin Copyrighted Works in any manner without the express authorization of Plaintiff;

b. importing, offering for sale, or selling any products not authorized by Plaintiff and that includes any reproduction, copy or colorable imitation of Hexin Patented Design;

c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. further infringing Hexin Copyrighted Works and Patented Design and damaging Plaintiff's goodwill;

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as, but not limited to, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with use of Hexin Copyrighted Works and Patented Design;

3) As a direct and proximate result of Defendants' infringement of Plaintiff's copyright and/or patent, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. §504, 35 U.S.C. §§ 284, 289;

4) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

5) Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 35 U.S.C. §285 and 17 U.S.C. § 505; and

6) Award any and all other relief that this Court deems just and proper.

Dated: February 21, 2024 Respectfully submitted,

*Faye Yifei Deng*
Faye Yifei Deng
YK Law LLP
445 S Figueroa St
Suite 2280
Los Angeles, California 90071
fdeng@yklaw.us
Tel: 213-401-0970