**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| HEXIN HOLDING LIMITED,<br><br>                Plaintiff,<br>v.<br><br>THE INDIVIDUALS, BUSINESS ENTITIES, PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>                Defendants. | Case No. 1:24-cv-1460<br><br>Judge John J. Tharp<br><br>Magistrate Judge Maria Valdez |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
ITS MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Plaintiff Hexin Holding Limited ("Plaintiff") submits the following memorandum in support of its Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against all remaining Defendants identified on Schedule A attached hereto as Exhibit 1[1] (the "Defaulting Defendants"), based on Plaintiff's action for infringement of its U.S. Design Patent No. D981,078 and U.S. Copyright Nos. VA 2-274-861, PA 2-319-830, PA 2-319-829, and PA 2-323-424.

## STATEMENT OF FACTS

Hexin is a prominent designer of shapewear for women and distributes its shapewear throughout the U.S. and the world and built direct-to-consumer global brands. Complaint [1] at ¶ 5. Hexin offers styles that make women look and feel confident and aim to build movements around confidence, body positivity messages and women empowerment and changed the shapewear industry. *Id.* Hexin is consistently ranked as top seller on online ecommerce platforms. *Id.*

---

[1] "Defaulting Defendants" as used herein include all Defendants listed on Schedule A that have not been dismissed. The Schedule A is attached to this Memorandum as Exhibit 1 and Plaintiff's proposed Default Judgment Order.

1

Some of Hexin's copyrighted works include photographs registered with the United States Copyright Office under Registration Number VA 2-274-861. *Id.* at ¶ 7. Hexin's other copyrights that are subject to this action include three videos with United States Copyright Registration Numbers PA 2-319-830; PA 2-319-829; and PA 2-323-424. *Id.* Hexin's registered photographs and videos are collectively referred to as the "Hexin Copyrighted Works".

Hexin is also the lawful owner of all right, title, and interests in and to the United States Design Patent No. D981,078 (the "Hexin Patented Design"). *Id.* at ¶ 8. The Patent was lawfully issued on March 21, 2023 with the named inventor Zhennan Xu. *Id.* Hexin takes protecting its investment in intellectual property seriously and has expended a significant amount of time, millions of dollars in marketing and advertising and promoting its shapeware products and has copyrighted and patented over 126 different works/names related to its shapeware business. *Id.* at ¶ 9.

Defaulting Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed on Schedule A. *Id.* at ¶ 18; Exhibit 1. Defaulting Defendants advertised and sold shapewear products using Hexin Patented Design and/or Hexin Copyrighted Works (the "Infringing Products"). *Id.* at ¶ 17. Each Defaulting Defendant directs business activities toward and conduct business with consumers throughout the United States, including within the State of Illinois and this district through the Internet based e-commerce stores and fully interactive Internet websites accessible in Illinois and operating under their Seller Aliases. *Id.* at ¶ 2. Additional factual assertions regarding Defaulting Defendants in Paragraphs 11-28 of the Complaint are incorporated herein. *Id.* at ¶¶ 12-29.

Plaintiff filed this action on February 21, 2024. [1]. On March 12, 2024, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") [25], extended the TRO and converted the TRO to a Preliminary Injunction [31, 38]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defaulting Defendants by electronically

publishing a link to the Complaint, the TRO, and other relevant documents on a website and sending an e-mail to the e-mail addresses provided for Defaulting Defendants by third parties that includes a link to said website. [25] at ¶ 7. Defaulting Defendants were properly served on April 8 and April 11, 2024. [35, 36]. None of the Defaulting Defendants have filed an answer or otherwise pled in this action. *See* Declaration of Faye Yifei Deng (the "Deng Declaration") at ¶ 2.

By choosing not to participate in this case, Defaulting Defendants have failed to produce any documents or information for: (1) identifying each and every domain name, online marketplace account and/or financial account used by Defaulting Defendants, including the owner(s) and/or operator(s) of each Online Marketplace; (2) showing costs, cost allocations, revenues, and profits of Defaulting Defendants for the last five (5) years; or (3) relating to each and every purchase that Defaulting Defendants have made relating to the Hexin Patented Design and/or the Infringing Products, including records of the products purchased, the sale prices, images of the products, records of suppliers and manufacturers of the Infringing Products, records of steps taken by Defaulting Defendants to determine whether such products were new or genuine, and investigation records regarding purchase of the Infringing Products, including the identity of the person(s) responsible for such investigation. Deng Declaration at ¶ 2. Limited information provided by Amazon.com, Inc., SHEIN, Temu, Alibaba and AliExpress for Defaulting Defendants indicates that the amount currently restrained in Defaulting Defendants' known financial accounts ranges from $0-$63,655. Deng Declaration at ¶ 4. Additionally, the limited information provided by Amazon, SHEIN, and Temu indicates that the known revenue generated by some Defaulting Defendants from the sale of the specific Infringing Product listings is up to at least $75,621.32. *Id.* Alibaba and AliExpress have refused to provide Plaintiff with any information regarding revenue generated by some Defaulting Defendants from the sale of Infringing Products. Plaintiff does not have any infringing sales information for other potential Infringing Products sold by Defaulting Defendants.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff moves this Court for an Order entering default and default judgment finding that, among the one hundred and fourteen (114) Defaulting Defendants identified on Schedule A, thirty-nine (39) [2] Defaulting Defendants are liable on Count I copyright infringement of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of statutory damages against the Defaulting Defendants identified on Schedule B as authorized by 17 U.S.C. § 504(c)(2) for willful copyright infringement. Schedule B is attached hereto as Exhibit 2.

Plaintiff also moves this Court for an Order entering default and default judgment finding that Defaulting Defendants identified on Schedule A are liable on Count II patent infringement of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an order that, for Default Defendants wherein infringing products revenue is unknow, all assets in Defaulting Defendants' financial accounts, including those operated by Amazon, SHEIN, Temu, Alibaba and AliExpress as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Default Defendants where limited infringing products revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff. Plaintiff further seeks entry of a permanent injunction prohibiting Default Defendants from selling Infringing Products.

## ARGUMENT

### I. JURISDICTION AND VENUE ARE PROPER IN THIS COURT

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, the provisions of the Federal Copyright Act, 17

---

[2] Among the 114 Defaulting Defendants, there are 39 Defaulting Defendants that advertised and sold body contouring products using Hexin Copyrighted Works and infringed Hexin's copyrights. The defaulting defendants that committed copyright infringement are listed on Schedule B which is attached as Exhibit 2 to this Memorandum and Plaintiff's proposed Default Judgment Order.

4

U.S.C. § 101, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C.§ 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defaulting Defendants since each of the Defaulting Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff' business within this Judicial District. *See* [1] at ¶¶ 2, 13 and 14; *uBID, Inc. v. GoDaddy Grp., Inc.* 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, has sold Infringing Products to consumers in the United States, including the State of Illinois. [1] at ¶¶ 2 and 21. Personal jurisdiction exists over Defaulting Defendants since they directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce stores under the Seller Aliases through which Illinois residents can purchase Infringing Products. *Id. See NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 624-627 (7th Cir. 2022); *see also Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906-08 (N.D. Ill. 2015).

## II.  PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On

February 21, 2024, Plaintiff filed its Complaint alleging federal copyright infringement and patent infringement pursuant to 17 U.S.C. § 501 (Count I) and 35 U.S.C. § 271 (Count II). [1]. The Defaulting Defendants were properly served with the Complaint on April 8 and April 11, 2024. [35, 36]. Despite having been served with process, none of the Defaulting Defendants have filed an answer or otherwise pled in this action. Deng Declaration at ¶ 2. On information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

### III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

As noted above, Plaintiff served Defaulting Defendants on April 8 and April 11, 2024. [35, 36]. The answer deadline has passed, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate, and consistent with previous similar cases in front of this Court, Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. § 504(c)(2) for willful copyright infringement, and pursuant to 35 U.S.C. § 289, Plaintiff requests an award of Defaulting Defendants' profits resulting from patent infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from making, using, offering for sale, selling, and importing Infringing Products.

Plaintiff further seeks an order that, for Defaulting Defendants wherein the infringing product revenue is unknown, all assets in Defaulting Defendants' financial accounts as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. Alternatively, for Defaulting Defendants where limited infringing product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff alleged in its Complaint that it is the lawful owner of all right, title, and interest in and to Hexin Patented Design. [1] at ¶ 8. Plaintiff has also alleged that Defaulting Defendants make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use Infringing Products that infringe directly and/or indirectly the ornamental design claimed in Hexin Patented Design. *Id.* at ¶ 28. Exhibit 3 to the Declaration of Juan Yang in support of Plaintiff's Motion for temporary restraining order shows that an ordinary observer would be deceived into thinking that the Infringing Products were the same as Hexin Patented Design. [23]. *See Competitive Edge, Inc. v. Staples, Inc.*, 763 F. Supp. 2d 997, 1011 (N.D. Ill. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008)). Finally, Plaintiff alleged that it has not licensed or authorized Defaulting Defendants to use Hexin Patented Design, and none of the Defaulting Defendants are authorized retailers of genuine Hexin products. [1] at ¶ 21.

Since the Defaulting Defendants have failed to answer or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for copyright infringement

against the Defaulting Defendants identified on Schedule B and Count II for patent infringement against the Defaulting Defendants identified on Schedule A.

**A. Copyright Infringement – Statutory Damages Are Appropriate**

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to works derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Plaintiff owns the registered copyrights in Hexin Copyrighted Works. [1] at ¶¶ 7 and 31. Plaintiff alleged in the Complaint that Hexin Copyrighted Works have been infringed. *Id.* at ¶¶ 34-38. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.*, 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Plaintiff requests entry of judgment with respect to Count I for willful copyright infringement against the Defaulting Defendants identified on Schedule B.

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir.

1991). Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly, but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law").

Here, Defaulting Defendants identified on Schedule B had knowledge that their activities constituted infringement or at least a reckless disregard of Plaintiff's rights in Hexin Copyrighted Works because Defaulting Defendants are intentionally promoting, advertising and selling the Infringing Products using Hexin Copyrighted Works. Thus, Plaintiff's request for a statutory damages award of ten thousand dollars ($10,000) against each of the Defaulting Defendant identified in Schedule B for willful copyright infringement of Hexin Copyrighted Works is appropriate. *See, e.g., Gerald J. Lofaro v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-15995 (N.D. Ill. Jan. 5, 2024); *Charlie Bowater v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 23-cv-16364 (N.D. Ill. Feb. 2, 2024).

**B. Patent Infringement - Plaintiff Is Entitled To Defaulting Defendants' Profits, But Not Less Than $250, Pursuant To 35 U.S.C. § 289**

In the case of design patent infringement, a patentee may recover the total profits made by a defendant under 35 U.S.C. § 289. Section 289 provides that "[w]hoever during the term of a patent for a design, without license of the owner, (1) applies the patented design, or any colorable imitation thereof, to any article of manufacture for the purpose of sale, or (2) sells or exposes for sale any article of manufacture to which such design or colorable imitation has been applied shall be liable to the owner to the extent of his total profit, but not less than $250…." 35 U.S.C. § 289.

Determining an award under Section 289 involves two steps: "First, identify the 'article of manufacture' to which the infringed design has been applied. Second, calculate the infringer's total profit made on that article of manufacture." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. 429, 434 (2016). The plaintiff has the initial burden to show the article of manufacture and the defendant's total profit on that article. *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7 (E.D. Wisc. 2017). However, if the defendant believes that the article of manufacture is different, it has the burden to produce evidence showing the article of manufacture. *Id.* The defendant also has the burden to produce evidence as to any deductions from the total profit identified by plaintiff. *Id.* The Seventh Circuit Court has made it clear that:

> The burden is the infringer's to prove that his infringement had no cash value in sales made by him. If he does not do so, the profits made on sales of goods bearing the infringing mark properly belong to the owner of the mark. There may well be a windfall to the trade-mark owner where it is impossible to isolate the profits which are attributable to the use of the infringing mark. But to hold otherwise would give the windfall to the wrongdoer.

*WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008) citing *Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07, 62 S. Ct. 1022, 86 L. Ed. 1381, 1942 Dec. Comm'r Pat. 767 (1942). "Although § 289 does not explicitly impose any burden on the defendant, this shift in the burden of production is consistent with the disgorgement of profits in other contexts." *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at *7-8. "[Patent holders] are entitled to an award best approximating their actual loss, and the infringers must bear the burden of uncertainty." *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation*, 831 F. Supp. 1354, 1388 (N.D. Ill. 1993) (citations omitted).

In cases where defendants have failed to produce documents to characterize revenue, courts have entered a profits award for the entire revenue amount. *See Bergstrom v. Sears, Roebuck and Co.*, 496 F. Supp. 476, 497 (D. Minn. 1980) ("The burden of establishing the nature and amount of these costs, as well as their relationship to the infringing product, is on the defendants."); *see also WMS Gaming, Inc.*

10

*v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. Ill. 2008) ("The burden was therefore on PartyGaming to show that certain portions of its revenues…were not obtained through its infringement of WMS's marks."); *Chloe v. Queen Bee of Beverly Hills*, 2009 U.S. Dist. LEXIS 84133, at *15-17 (S.D.N.Y. Jul. 16, 2009) (entering profits award for the entire revenue amount in trademark infringement case even though "records offer no guidance as to how much of this revenue stream related to [Plaintiff's] products [as opposed to other products not at issue in this case] or as to the costs incurred in acquiring and selling these products."). Under normal circumstances, it is the infringer who bears the burden of "offering a fair and acceptable formula for allocating a given portion of overhead to the particular infringing items in issue." *Deckers Outdoor Corp. v. ShoeScandal.com, Ltd. liability Co.*, No. CV 12-7382, 2013 U.S. Dist. LEXIS 168545, at *12 (C.D. Cal. Nov. 25, 2013), citing *Sunbeam Prods., Inc. v. Wing Shing Prods. (BVI) Ltd.*, 311 B.R. 378, 401 (S.D.N.Y. 2004) aff'd, 153 F. App'x 703 (Fed. Cir. 2005). "But if the infringer has failed to produce any evidence … the Court must determine the costs to be subtracted from revenue based on the evidence it has to determine profits." *See Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1447 (Fed. Cir. 1998).

Here, Hexin Patented Design claims "[t]he ornamental design for a corset belt, as shown and described" [1-2]. In the case of a design for a single-component product, such as Hexin Patented Design, the "product is the article of manufacture to which the design has been applied." *Samsung Elecs. Co. v. Apple, Inc.*, 137 S. Ct. at 367. As such, the relevant article of manufacture is each of the Infringing Products sold by Defaulting Defendants.

Since Defaulting Defendants have chosen not to participate in these proceedings, Plaintiff has limited available information regarding Defaulting Defendants' profits from the sale of Infringing Products. Defaulting Defendants have failed to appear in this matter and have not produced any documents or information: (1) characterizing each of the transactions in their financial accounts, (2) the nature and amount of costs, if any, as well as their relationship to the infringing product; or (3)

other Internet stores that they may be operating and other financial accounts that they accept payment for sale of Infringing Products. As such, Defaulting Defendants have not met their burden to apportion gross receipts between infringing and non-infringing product sales, or to show any deductions. *WMS Gaming, Inc. v. WPC Prods. Ltd.*, 542 F.3d 601, 608 (7th Cir. 2008); *Nordock, Inc. v. Systems, Inc.*, 2017 U.S. Dist. LEXIS 192413, at * 7.

Since Defaulting Defendants have not met their burden of apportioning gross sales or showing any deductions, the Court should award the greater of the amount restrained or $250.00 for each Defaulting Defendant, where infringing product revenue is unknown. *See* 35 U.S.C. § 289; *Oakley, Inc. v. The Partnerships, et al.*, No. 20-cv-02970 (N.D. Ill. Oct. 26, 2020) (unpublished) (Docket No. 61) ("Although the information about defendants' profits and revenues is sparse and there is the possibility that the restrained funds were generated by non-infringing sales, the court concludes that plaintiff's efforts provide the best available measure of profits."); *Moose Labs LLC v. The Partnerships, et al.*, No. 22-cv-04227 (N.D. Ill. Dec. 5, 2022) (unpublished) (Docket No. 43) ("Accordingly, and because no defendant has appeared to rebut the presumption that the contents of defendants' financial accounts are profits from infringing activity, plaintiff's request for damages is granted."). The limited information provided by Amazon, SHEIN, Temu, Alibaba and AliExpress for Defaulting Defendants indicates that the amount currently restrained in Defaulting Defendants' known financial accounts ranges from $0 - $63,655. Deng Declaration at ¶ 4.

For Defaulting Defendants where limited infringing product revenue is known, the Court should award the greater of the known infringing product revenue or the amount restrained, but no less than $250. *See* 35 U.S.C. § 289. Limited information provided by Amazon, SHEIN, and Temu indicates that the known revenue generated by some Defaulting Defendants from the sale of Infringing Products is up to at least $75,621.32. Deng Declaration at ¶ 4. However, the limited Infringing Product revenue information available to Plaintiff only includes revenue figures for a single

12

product having a unique product identification number, except for Defendants C&D Herald Store, YSX Shop, Swear Maker Shapewear, and Sportmarket that have generated revenue from sales of more than one infringing product. *Id* at ¶ 5. Because Defaulting Defendants have failed to participate in the proceedings, Plaintiff is unable to obtain information regarding additional e-commerce stores owned by Defaulting Defendants and/or additional products sold by Defaulting Defendants that infringe Hexin Patented Design. Further, Plaintiff is unable to obtain information regarding what portion of the amount currently restrained in Defaulting Defendants' accounts are proceeds from the sale of Infringing Products. A breakdown by Defaulting Defendant of the amount currently restrained, known Infringing Product revenue, if available, and Plaintiff's requested profit award under 35 U.S.C. § 289 is provided in the chart in Paragraph 6 of the Deng Declaration. *Id.* at ¶ 6.

## IV. PLAINTIFF IS ENTITLED TO PERMANENT INJUNCTIVE RELIEF

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff' rights in its design patent and copyrights, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so it can quickly take action against any new e-commerce stores that are identified, found to be linked to Defaulting Defendants, and selling Infringing Products. *See, e.g., Tuf-Tite, Inc. v. Fed. Package Networks, Inc.*, 2014 U.S. Dist. LEXIS 163352, at *29 (N.D. Ill. 2014); *Scholle Corp. v. Rapak LLC*, 35 F. Supp. 3d 1005, 1009 (N.D. Ill. 2014); *Nike, Inc. v. Fujian Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016).

## CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of ten thousand dollars ($10,000) against each of the Defaulting Defendant identified in Schedule B pursuant to 17 U.S.C. § 504(c)(2),

13

award profit against Defaulting Defendants identified in Schedule A under 35 U.S.C. § 289, and a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Products. Plaintiff further seeks an order that, for Defaulting Defendants identified in Schedule A wherein infringing product revenue is unknown, all assets in Defaulting Defendants' financial accounts, including those operated by Amazon, SHEIN, Temu, Alibaba and AliExpress as well as any newly discovered assets, but no less than $250, be transferred to Plaintiff. For Defaulting Defendants where limited infringing product revenue is available, Plaintiff requests that the greater amount between the restrained funds and the known infringing product revenue, but no less than $250, be awarded to Plaintiff.

Date: May 3, 2024

Respectfully submitted,

*/s/ Faye Yifei Deng*
Faye Yifei Deng
YK Law LLP
445 S Figueroa Street, Suite 2280
Los Angeles, California 90071
Telephone: (213) 401-0970
Email: fdeng@yklaw.us

*Attorney for Plaintiff Hexin Holding Limited*